IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| BRANDON TERRELL,          § | |
| § | |
| Plaintiff,          § | |
| § | |
| V.          § | No. 3:25-cv-1523-N-BN |
| § | |
| CLIFCO SPICE SALES, INC. and          § | |
| JOSH SCHISLER,          § | |
| § | |
| Defendants.          § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

*Pro se* plaintiff Brandon Terrell filed a complaint against Defendants Clifco Spice Sales, Inc. and Josh Schisler alleging claims under federal and state laws. *See* Dkt. No. 3.

Chief United States District Judge David C. Godbey referred Terrell's lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Defendants answered Terrell's complaint [Dkt. No. 13], asserting several affirmative defenses, including:

> 4. Plaintiff's claims are barred in whole or in part because he lacks standing and/or the statutes upon which he relies confer no private cause of action.
> …
> 10. Plaintiff's claims are barred in whole or in part by the after-acquired evidence doctrine.
> 11. Plaintiff's claims are barred by estoppel, and/or unclean hands, namely he made material misrepresentations and failed drug tests due to the presence of cocaine in his system.

*Id.* at 7.

Terrell then moved to strike these affirmative defenses under Federal Rule of Civil Procedure 12(f). *See* Dkt. No. 14.

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f).

"The decision to grant a motion to strike is within the court's discretion," and "[b]oth because striking a portion of a pleading is a drastic remedy, and because it often is sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted." *Hunter v. Navy Fed. Credit Union*, No. 3:24-cv-788-D, 2025 WL 220407, at *1 (N.D. Tex. Jan. 16, 2025) (cleaned up).

"Striking an affirmative defense is warranted if it cannot, as a matter of law, succeed under any circumstance." *United States v. Renda*, 709 F.3d 472, 479 (5th Cir. 2013) (citing *Cambridge Toxicology Grp., Inc. v. Exnicios*, 495 F.3d 169, 178 (5th Cir. 2007).

> When deciding whether an affirmative defense is an "insufficient defense," the court does not apply the pleading standards set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Instead, the court applies the "fair notice" pleading standard for affirmative defenses set forth in *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). To adequately plead an affirmative defense, there must be enough factual particularity to give the plaintiff "fair notice of the nature of the affirmative defense and prevent unfair surprise."

*Hunter*, 2025 WL 220407, at *1 (cleaned up); *accord Transamerica Life Ins. Co. v. Davis*, No. 3:23-cv-1826-E, 2024 WL 2261970, at *2 (N.D. Tex. Apr. 30, 2024), *rec. accepted*, 2024 WL 2262256 (N.D. Tex. May 17, 2024).

And "in some cases, merely pleading the name of the affirmative defense ... may be sufficient." *Woodfield*, 193 F.3d at 362 (footnote omitted); *see, e.g.*, *Hunter*, 2025 WL 220407, at *2 ("No factual basis is required because merely pleading the name of the affirmative defense of failure to mitigate damages is sufficient to provide Hunter fair notice." (citations omitted)).

Terrell's reasons to strike Defendants' fourth, tenth, and eleventh affirmative defenses are not grounded in lack of fair notice.

Nor has he shown "how [he] will be prejudiced if [a] defense is not stricken." *EEOC v. LH Grp., Inc.*, No. 1:11CV355-LG-JMR, 2012 WL 3242168, at *3 (S.D. Miss. Aug. 7, 2012) (finding that, while an affirmative defense stating that "[p]laintiff's claims are barred, in whole or in part, by additional affirmative defenses and after acquired evidence that may arise during the proceedings" "is insufficient to give the EEOC fair notice of any particular defense," "the EEOC does not attempt to show how it will be prejudiced if the defense is not stricken"); *cf. Hoang v. Microsemi Corp.*, No. 4:19-CV-01971, 2025 WL 933720, at *5 (S.D. Tex. Mar. 26, 2025) (finding that the statement "Plaintiff's claims are barred by the doctrines of estoppel, waiver, unclean hands, and laches and/or after-acquired evidence" "satisfies the requirements of [Federal Rule of Civil Procedure] 8(c) and the fair-notice standard" of *Woodfield* and observing that, "[g]iven Microsemi's allegation that Hoang's 'claims are barred by the doctrine[ ] of ... after-acquired evidence,' it is hard to see how Hoang is a victim of unfair surprise when Microsemi argues exactly that later in the litigation, even if the allegation is filled in by facts obtained through discovery" (cleaned up)).

Nor has Terrell shown that any of these affirmative defenses "cannot, as a matter of law, succeed under any circumstance." *Renda*, 709 F.3d at 479.

Instead, to the extent that Terrell seems to argue that, in his view, Defendants will not ultimately prevail on their affirmative defenses, that alone is not a reason to "employ the drastic remedy" allowed by Rule 12(f). *E.g.*, *Who Dat, Inc. v. Rouse's Enters., LLC*, Civ. A. No. 12-2189, 2013 WL 395477, at *4 (E.D. La. Jan. 31, 2023) ("[T]he affirmative defenses present distinct legal reasons why [Plaintiff] WDI's claim *may* not succeed on the merits, which Rouse's should be afforded the opportunity to present in this case. As a result, the Court will not employ the drastic remedy of striking these affirmative defenses, especially not at this early stage in litigation and in the absence of any showing of prejudice on the part of WDI. The Court, in its discretion, declines to strike these two affirmative defenses. WDI's motion to strike is denied." (emphasis added)).

The Court should therefore deny the Rule 12(f) motion to strike.

## Recommendation

The Court should deny Plaintiff Brandon Terrell's motion under Federal Rule of Civil Procedure 12(f) to strike Defendants Clifco Spice Sales, Inc. and Josh Schisler's fourth, tenth, and eleventh affirmative defenses [Dkt. No. 14].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV.

P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 28, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE